---

## No. 9356.

### QUIMBY, ET AL. *v.* REID, ET AL.

PLEADINGS—*Amendment—Supplementary Pleadings.*  One who, suing in equity, fails to establish the right to relief in that forum, will not be allowed to present a new case by supplemental pleadings, demanding relief at law, to which he has shown no right.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

Mr. S. R. ROBERTSON, for Plaintiffs in Error.

Messrs. ALLEN & WEBSTER, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

The record in this case is so imperfect as to preclude intelligent consideration of the contentions of plaintiffs in error.  We find nothing that purports on the face of it to be a bill of exceptions, and the case might well be dismissed for that reason.  The trial court held that in substance and effect the action is one by the plaintiffs in error to

secure the right of redemption in the case of certain real estate and personal property mortgages.

It appears that the plaintiffs in error, and the defendants in error, George S. Fuller and Alice E. Fuller, on the 8th day of May, 1915, jointly conveyed to Elijah Bosserman by warranty deed, certain tracts of real estate, subject to two certain mortgages covering separate tracts of land, one for $7,500.00 and the other for $6,000.00. These mortgages had been theretofore executed by the plaintiffs in error.

The grantors in the warranty deed, at the same time, executed and delivered to Bosserman a bill of sale for certain live stock and farm implements, then being upon the real estate. Both the warranty deed and the bill of sale were in consideration of an indebtedness, then existing, by the plaintiffs to Bosserman.

On the same day Bosserman executed and delivered to the plaintiffs what purports on its face to be an option to purchase the real estate and personal property involved, upon the terms and conditions therein stated, and which both parties to this suit treat as a defeasance agreement, and by reason of which the warranty deed and the bill of sale are to be treated as mortgages.

It is agreed that Bosserman entered into possession of all the property involved, on the date of such conveyances.

On December 1st, 1915, Bosserman conveyed all the property both real and personal to the defendant, Henry S. Reid, who in turn and on the 7th day of the same month conveyed the same to the defendant, The North Thompson Cattle Company, which company was in possession at the institution of this suit. This corporation admits that it purchased the property with full knowledge of the defeasance agreement, and with the understanding that the title of Bosserman was in fact that of a mortgage. This much is gathered from the pleadings and briefs. If there was any evidence received on the trial, it does not appear n the record.

We find from the record the following judgment of the court:

"All parties appearing by their respective attorneys of record, and this cause coming on to be heard by the Court without a jury, upon the pleadings, the opening statements of counsel and certain stipulations and certain admission of facts, entered and made in open Court, whereupon the Court ruled that the plaintiffs could not proceed to issues and trials of issues of claimed damage for breach of contract set out as 'Option' in paragraph 5 of plaintiffs' complaint, either upon the present pleadings or upon supplemental proceedings together with the present pleadings, to-wit: the claimed breach of agreement on the part of Bosserman, deceased, implied from said writing, to protect the property as to the prior incumbrances against such incumbrances proceeding to foreclose to a point beyond the plaintiff's right of redemption from sale as to one of said incumbrances, to which ruling the plaintiffs duly excepted."

We find nothing in the record as to what were "the opening statements of counsel, and certain stipulations and certain admission of facts entered and made in open court," and must assume these were sufficient to justify the judgment.

Upon the day of the hearing of plaintiff's motion for a new trial, the court upon its own motion called upon counsel for plaintiffs to tender such supplemental complaint or pleading as he desired to file.

On November 3rd, the tender of a supplemental complaint was made and denied, and the motion for a new trial overruled.

The supplemental complaint set forth that since the commencement of this action, both of the prior mortgages of $6,000 and $7,500, respectively, had been foreclosed and that the time for redemption in each case had expired. Also that at the time of the execution and delivery of the bill of sale and warranty deed to Bosserman by plaintiffs, the plaintiffs were then in financial distress and unable to

avoid the defaults that had then occurred in the payment of their former mortgages, and alleged an agreement with them upon the part of Bosserman, to protect them from the then impending foreclosures, and that plaintiffs were entirely unable to protect themselves and prayed that under their prayer for general relief in equity in their original complaint, this court may proceed to properly ascertain the damages by them and each of them sustained under the facts herein and in their original complaint set forth, and that they may have such relief by way of judgment for damages against each and off of the defendants, and such other and further relief in equity as to the Court may seem right and proper in the premises.

It is clear from the pleadings that the right to redeem from the mortgage liens of Bosserman was not questioned either by him or his assigns. By the pleading tendered they expressly abandoned any claim to the exercise of such right.

The pleading presented a new and different cause of action, not pleaded in the original complaint. The original bill was one wholly in equity jurisdiction. The plaintiffs did not only fail to establish such equity, but abandoned any such claim for relief.

In such case the rule is that the bill must be dismissed and cannot be retained for the purpose of allowing legal relief to which plaintiff has not shown himself to be entitled.

What is here said is not to be construed to deny right of action to recover by the plaintiffs, damages in any proper proceeding for that purpose, nor to express any view as to the existence of such right.

The judgment is affirmed.

Garrigues, C. J., and Denison, J., concur.